Nash, J.
January 6th, 1880, Leonard Case, Jr., died intestate, leaving an estate in land which came to him by descent from his father, Leonard Case, Sr. His father died in 1864 and his mother in 1857. Leonard Case, Jr., was never married, and no brother, sister, or legal representatives of either survived him. Both parents left brothers and sisters, or their legal representatives.
The plaintiff in error contends that this estate under the laws of Ohio, passes to and vests in the brothers and sisters of Mrs. Leonard Case, Sr., or their legal representatives, as well as to and in the brothers and sisters of Leonard Case, Sr., or their legal representatives.
The defendants in error claim that this estate passes to and vests in the brothers and sisters of Leonard Case, Sr., the ancestor from whom the estate came, or their legal representatives, and that the brothers and sisters of Mrs. Leonard Case, Sr., or their legal representatives, have no interest therein.
This controversy must be determined by the construction to be given to a part of paragraph 5, section 4158 of the Revised Statutes of Ohio, 1880. This section regulates the descent and distribution of any real estate or inheritance which came to a person bjr descent, devise or deed of gift from an ancestor and who dies intestate.
The fifth paragraph reads as follows:
“Fifth; If the ancestor from whom the estate came is deceased, the estate shall pass to and vest in the children of the ancestor from whom the estate came, or their legal representatives; if there are no children of the ancestor from whom the estate came, or their legal representatives, the estate shall pass to and vest in the husband or wife relict of such ancestor if a parent of the decedent, during the life of such relict, and on the death of such husband or *213 wife, or if there is no such, husband or wife, the estate shall pass to and vest in the brothers and sisters of such ancestors, or their legal representatives; and for want ,of such brothers and sisters or their legal representatives, to the brothers and sisters of the half blood of the intestate or their legal representatives, though such brothers and sisters are not of the blood of the ancestor from whom the estate came.”
The words of said paragraph, important to this case, are these :
“ Or, if there is no such husband or wife, the estate shall pass to and vest in the brothers and sisters of such ancestors, or their legal representatives.”
Paragraph 5, of section 4158, Revised Statutes of Ohio, 1880, does not differ in substance from paragraph 5, section 1, of the act of March 4th, 1865. (62 Ohio Laws, 32.)
It is admitted that prior to 1865, under the acts of April 17, 1857 (54 Ohio Laws, 94), of March 14, 1853 (51 Ohio Laws, 499), of March 7, 1835 (33 Ohio Laws, 43), of Feibrnary 24,1831 (29 Ohio Laws, 252), of February 11, 1824 (22 Ohio Laws, 123), of December 30, 1815 (14 Ohio Laws, 36), and of December 19, 1814 (13 Ohio Laws, 1), this estate would have passed to and vested in the brothers and sisters of Leonard Case, Sr., or their legal representatives. If this estate, as is contended for by the plaintiff in error, now passes to and vests in the brothers and sisters of Mrs. Leonard Case, Sr., or their legal representatives, as well as to the brothers and sisters of Leonard Case, Sr., it is accomplished by the amended act of March 4, 1865, and by the use of the word “ ancestors ” in the 5th paragraph of section one, instead of the word “ ancestor.”
We are of the opinion that there was no intention upon the part of the General Assembly to make the change now claimed to have been made. By reading all the parts of this statute together, it becomes apparent that such an estate as the one involved in this action, passes to and vests in the brothers and sisters of the ancestor or ancestors from whom the estate came, or their legal representatives.
*214 In the act of March, 1865, changes were made in the former manner of distributing estates, and were made by the use of clear and exact language. If the change contended for was also contemplated by the legislature it would have used the words following, or others equally capable of making the intent apparent :
“ Or if there is no such husband or wife, the estate shall pass to and vest in the brothers and sisters of such husband and wife or their legal representatives.”
Even the plaintiff in error must admit that the construction which she asks for is not free from doubt. It is the duty of the General Assembly when it attempts to change the distribution of ancestral estates, which has prevailed for more than fifty years, to do so by such a use of words that its intent will not be obscure, or a subject of conjecture. If it has not done so, the doubt should be resolved in favor of the old statute.

Judgment affirmed.